UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRITISH BROADCASTING CORP.,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**UNITED STATES DEPARTMENT OF JUSTICE – CIVIL DIVISION, FEDERAL PROGRAMS BRANCH,**<br><br>**Respondent.** | **Misc. Action No. 26-135 (JEB)** |

| | |
|---|---|
| ***IN RE* SUBPOENA TO PASQUALE ANTHONY CIPOLLONE** | **Misc. Action No. 26-142 (JEB)** |

**ORDER**

These related actions concern a third-party subpoena issued by the British Broadcasting Corporation to Pasquale Cipollone, former White House Counsel. It stems from underlying litigation in the Southern District of Florida, where President Donald Trump sued the BBC for defamation in his personal capacity. See President Donald J. Trump v. BBC, No. 25-25894 (S.D. Fla. filed Dec. 15, 2025). In that suit, the President alleges that the BBC made a documentary that falsely implied that he fomented the January 6, 2021, attack on the U.S. Capitol in a speech that he gave at the White House Ellipse hours before the attack. See id., ECF No. 1 (Complaint), ¶¶ 42–88. Seeking to defend itself on the ground that Trump cannot prove that the implication was in fact false, the BBC has made efforts to obtain third-party discovery

that would shed light on his intentions that day. See Misc. No. 26-135, ECF No. 1-1 (Mot. to Compel) at ECF p. 2 (D.D.C. Sep. 22, 2026).

One such third party is Cipollone. Although Cipollone himself has not moved to quash the subpoena, the Department of Justice notified the BBC that it would seek to block it, asserting, *inter alia*, that Cipollone's testimony is covered by executive privilege and attorney-client privilege. Id. at ECF pp. 2–3. The BBC thus filed this Motion to Compel DOJ to permit Cipollone to comply with the subpoena. The Department opposes the Motion, see ECF No. 9, and simultaneously filed a Motion to Transfer the matter to the Southern District of Florida. See ECF No. 10 (Mot. to Transfer). DOJ also opened a related matter, where it filed a Motion to Quash the subpoena that is substantively identical to its Opposition to the Motion to Compel, alongside the same Motion to Transfer. See In re Subpoena to Pasquale Anthony Cipollone, No. 26-142, ECF No. 1 (Motion to Quash) (D.D.C. Oct. 9, 2026); see also id., ECF No. 2. As Cipollone consents, the Court will transfer the pending Motion to Compel and Motion to Quash to the Southern District of Florida.

Under Federal Rule of Civil Procedure 45(f), "[w]hen the court where compliance is required did not issue the subpoena," as is the case here, that court "may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." In general, Rule 45 provides for "subpoena-related motions and applications" to be made "to the court where compliance is required," rather than before the court that issued the subpoena. See Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment. The aim of that default rule is to shield "local nonparties" from the "burden" of challenging a subpoena in a forum far away from their home district. Id. Where a nonparty nonetheless consents to that very burden, however, Rule 45(f) permits a court in its discretion to

transfer any subpoena-related motions back to the issuing court. The subpoenaing party's objection to transfer has no bearing on the analysis, as it is not the party who falls within the rule's protective sweep. In re Info. Tech. Mgmt. Servs. Inc., 2025 WL 27156, at *3 n.5 (D.D.C. Jan. 3, 2025) ("[T]he consent provision of Rule 45(f) focuses on the party subject to the subpoena, not the party issuing it.").

Under the plain language of Rule 45(f), Cipollone's consent to transfer the pending Motions to the Southern District of Florida "alone justifies transfer." Id. at *3. Cipollone, who is entitled to the rule's protection, has consented to whatever inconvenience he may experience from having the Motions resolved in the Southern District of Florida, rather than here in the District of Columbia. See Mot. to Transfer at 3–4 ("[T]he Government has been informed by Mr. Cipollone's counsel that Mr. Cipollone consents to the transfer of the motion to the [i]ssuing [c]ourt.").

The Court, moreover, perceives no unique circumstances warranting denial of the consented-to motion. On the contrary, transfer would ensure that this discovery dispute is resolved consistently with other matters in the case. Discovery is nearly complete in the Southern District of Florida, and the district court there has already issued numerous discovery rulings. See, e.g., No. 26-25894, ECF No. 120 (Omnibus Order). That includes a recent Order quashing a subpoena issued to a third party, see id., ECF No. 175 (Order Quashing Subpoena), which was transferred from this district to the issuing court upon consent of the third party by Judge Randolph Moss. See In re Subpoena to Cassidy Hutchinson, No. 26-120, Minute Order of Aug. 28, 2026 (D.D.C.). Given the issuing court's familiarity with the underlying litigation and existing discovery disputes, a similar transfer also seems appropriate here.

The Court therefore ORDERS that:

1. Respondent's [10] Motion to Transfer in No. 26-135 and [2] Motion to Transfer in No. 26-142 are GRANTED; and

2. The cases are TRANSFERRED to the Southern District of Florida.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief District Judge

Date: November 10, 2026